May it please the Court, my name is Christopher Edgar and I represent the appellant Mr. Byron Woolley in this matter. As the Court is aware there's been extensive briefing on the issues in this case and so of course my main role here will be to answer any questions that the panel has but if time is permitting I just wanted to get through what we felt were the three most important points in favor of Mr. Woolley's case. At this time I'd also like to please reserve two minutes for rebuttal. The first point I wanted to discuss was the practicality or what we view as the practicality of Mr. Woolley's view of availability under the Prison Litigation Reform Act. As the Court is aware our view is that a prison has to comply with its internal regulations, the time limits that it has imposed on itself for responding to a grievance and responding at every level of the appeal process in order to keep remedies available for the purposes of the Prison Litigation Reform Act. Counsel, is it your view that if the prison is late for any step of the grievance process then that renders the procedure no longer available? Yes, that is correct, Your Honor, although one wouldn't need to necessarily apply that in this instance when we're talking about Mr. Woolley's grievance that we call the Del Colo grievance in our case. In fact, the Del Colo grievance. The one where he's sitting outside? Yes, that's right, Your Honor. Because in this case there were actually several failures to comply with the grievance process. There was a failure to comply at the first formal level of review, that is there was a response that was two months late. There was a failure to provide Mr. Woolley with notice that there was going to be a late response. There was a failure to provide a second formal level response, and then there was an inexplicable provision of a director's level response five months after the provision of the first level response. Counsel, do you think the notice requirement applies to all levels? I assume, Your Honor, means if Mr. Woolley didn't receive a response at the first level, then could he file suit immediately? No, I'm asking you a more specific question. Let me make it more specific. Are you saying that if there is going to be a delay at any level, he's entitled to notice of the reasons for the delay? That is what is required by the California regulations, Your Honor. I thought it only applied to the director's level. The 3084.6, Your Honor, states that when a late response is going to be provided, the reasons must be stated in writing. Thirty-eight what now? That's 15, Title 15, California Code of Regulations, 3084.6. Thirty-eight four plus six, okay. B-6 is the subdivision. All right. Our view of the practicality of Mr. Woolley's interpretation of availability stems from two reasons. First is that adopting our view that the prison has to comply with its own time limits to make remedies available under the PLRA is that it provides certainty for inmates. That is, when an inmate knows that the time limit for the prison to respond has expired, he knows that at that point he can file suit. An alternative view would be to impose a sort of reasonable time rule, I suppose, under which if the prison, even if it didn't comply with its internal time limits, could wait a reasonable time to comply and continue to make remedies available for the purposes of the PLRA. May I please read to you 15, Section 3084.6, subparagraph 6, and explain to me how you think this fits into your argument. Except for the third formal level, if an exceptional delay prevents completion of the review within specified time limits, the appellant shall be formed in writing of the reasons for the delay and the estimated completion date. What does that mean in your view when it says, except for the third formal level, if an exceptional delay? Except for the director's level is what that's referring to, Your Honor. So you're saying that you agree that at the director's level no notice is required? We would agree with that, Your Honor. Okay. The failure to give notice in this instance was the failure at the first formal level. Right. Okay. And so what is exceptional delay in your view? Well, there are specific exceptions that are set forth in the California regulations for when the correctional authority need not comply with the time limits. And those are if, say, the inmate – these are stated in 3084.6 as well. If the inmate is unavailable, if it involves a complex question of law or policy, at least those are the two exceptions that the government states apply in this case. Of course, we don't think that those apply for the reasons stated in our papers. The unavailability exception, we believe, doesn't apply because the very first level formal response to Mr. Woolley's grievance states that the correctional institution actually personally interviewed Mr. Woolley. And so we don't think that it would be plausible to say that Mr. Woolley wasn't available in this instance. As for a complex decision of law or policy, we haven't really been given any reason by the government as to why that would apply. The second reason why we believe that our view is more practical is that it prevents gamesmanship by correctional institutions. That is, it prevents the institution from waiting for an indefinite period of time to respond to a grievance, then waiting until the prisoner files suit, and then, in order to cause the suit to be dismissed, immediately responding at that time. If the prison knows that the prisoner is going to be able to bring suit in the district court once the time period expires for the prison to respond, this prevents that sort of gamesmanship in addition to providing certainty for inmates. The second point that I wanted to address briefly was the authorities for our view of availability. Now, of course, we believe that this is a question that has not yet been reached straight on point by the Ninth Circuit, and so we've cited a lot of persuasive authority from other circuits. The State's position is that these authorities are distinguishable because Mr. Wooley did, in fact, receive a response, whereas in the cases that we cite, there was no response provided. We have a few responses to this notion. The first is that the rationale of the precedents that we cite for our view that the prison has to give a timely response to keep remedies available under the PLRA, the rationale of those cases is the time limit and not the fact that no response was actually received. Second, in some of these cases, for instance, Underwood v. Wilson, which is a Fifth Circuit decision that we cite in our papers, there was a far shorter delay before the prisoner filed suit. That is, a far shorter period of time elapsed after the time limit for the prison to respond expired. And still, it was a 26-day time period in that case. And still, the prisoner was allowed to bring suit once the time limit had expired. Finally, there is the issue of the Form 1824. The district court's position was that the failure to file a Form 1824 warranted the dismissal of Mr. Wooley's claim under the ADA. The government's position on that is that there is no equitable estoppel because there was no affirmative conduct. First, we believe that there was affirmative conduct because the prison took Mr. Wooley. It responded to Mr. Wooley's grievance at every level of the internal court. And that's what we believe the reason for the delay in the approval of the Form 1824. Second, we have cited cases to the court that rely on the availability requirement of the PLRA rather than a common law doctrine of equitable estoppel that states specifically that where the prison engages in conduct that misleads the inmate, as here, we believe, into thinking that the rest of the grievance process is unavailable to him. No further remedies are available for the purposes of the PLRA. With that, I'll step down subject to my rebuttal. All right. Thank you, counsel. Good morning, Your Honors. May it please the Court, my name is Barbara Sutliff. I'm a Deputy Attorney General for the State of California, and I represent the defendants and appellees in this case. Defendants admit that Mr. Wooley, the appellant in this case, that it's incorrect and disingenuous for him to argue that because the responses to his administrative appeals were allegedly tardy under the regulations, that the administrative remedies were somehow not available to him. In fact, the regulations themselves provide that and state that the regulatory time limits that are at issue in this case are directory. They are not mandatory. And the regulations themselves also provide and allow for late responses under certain circumstances. Were those circumstances met in this case? Yes, Your Honor, they are. And I will explain why. First of all, I would like to ask the Court, in keeping with what I just said, to take judicial notice of Section 3000.5, subdivision F, of Title 15 of the California Code of Regulations, which specifically states that the time limits specified in these regulations do not create a right to have the specified action taken within the time limits. Why would there be time limits if it's not to establish a right to have action taken within those time limits? Your Honor, I believe that the time limits actually are for the purpose of the goals that the California Department of Corrections has set for itself. And so in order to move the process along, but not every case, as this Court knows, is the same. And at certain points of time, or in certain cases, there are circumstances which would permit exceptions to the rule. Are those exceptions available and to be used even though the administration does not invoke them? In other words, even though it does not say in the response, this response is late because A, B, C, the fact that it's late and they don't explain it, you just say, well, that's okay. Well, I would just point out to the Court that the record is somewhat incomplete in terms of what happened in the case of Mr. Woolley's appeals, administrative appeals in this case. There were, in fact, two administrative appeals that are at issue in this case. In the case of one of these appeals, which I'll refer to just by the last three numbers of the log number for the appeal, which is 561, if the Court looks and studies what happened according to the record, that appeal was entirely timely every step of the way under the regulations. So really the only appeal, administrative appeal we can talk about here in terms of arguably untimely responses would be the appeal which has a log number which ends with 898. Is that the ADA appeal? No. So the one that you say was processed in a timely manner totally is the ADA appeal? There's also, Your Honor, there's actually an issue as to, quote, the ADA appeal. I'm just trying to clarify in my mind which is which. Right. Well, the Mr. Woolley has never been able to identify a grievance associated with the ADA claims in this case. The appeal I just mentioned that was totally timely, which has a log number of 561, has to do with a 1983 claim against Defendant Fields. Is this the one where he was left outside, he and the other inmates? No, Your Honor. And that is the third claim in the lawsuit as recognized by the district court, which is a 1983 claim of deliberate indifference against Defendant DelCarlo. What are the two claims, the two administrative claims to which you referred? What are the briefly, just describe the two claims you refer to? Because I thought one claim was the ADA claim for his papers, and the other claim was the sitting outside in the freezing weather. Let me just back up for one minute to try to clarify. The claims that were identified by the district court as cognizable in this lawsuit, there are three. One is the 19th. What about the administrative grievances? And in association with those claims, there are two grievances. One claim, there is no grievance that's been identified by the district court or by the plaintiff, Mr. Woolley, and that is the ADA claim. The other two claims, 1983 claims, one of them, which ends with the – which is associated with the appeal that ends with 561 as the number, was entirely timely under the regulations. What's the substance of that one? What happened? As far as the – What's the basis of the claim? The basis of that claim, Your Honor, is it's a 1983 cause of action against defendant feels for interfering with Mr. Woolley's right of access to the courts by not providing him all of his legal materials upon demand. Okay. So that's the one you say is timely? That is. Under the regulations, there's no issue of untimeliness. What Mr. Woolley and his counsel has attempted to do is to merge all of these claims together, but in fact, that's inappropriate, and that is not what happened before the district court. Now, if we go to the one claim – Would you answer Judge Nelson's question? I didn't get the answer for his question. His question was whether or not it's your view that even if there is no invocation of the right to have an untimely response, whether it's okay to have it nevertheless. Well, I think what I was – under the regulations, if, as was already discussed here, if there is going to be an exceptional delay under the regulations, other than the third level, review level, the regulations provide that officials notify the inmate complainant that there would be a delay. And the – Mr. Woolley has claimed that he never received any notice in terms of the one claim, which is associated with Appeal 898, but he claims that, but he never actually established that. And, again, the record is incomplete on that. And so at the same time, the – Well, if the record is incomplete, what do we do about it? In other words, if the inmate says, I didn't receive notice, and the prison says, yes, you did, isn't it up to the prison to show that there's something in the record showing that notice was given? Well, Your Honor, again, if we go back to – in this particular case, the defendants filed a motion to dismiss based on failure to exhaust administrative remedies. Mr. Woolley, in response, admitted basically that he didn't exhaust administrative remedies, but he requested an – to be excused from the requirement based on alleged tardy responses to his administrative appeals. In the case of – So we assume for purposes of reaching his position that the responses were tardy. So I guess what I'm trying to state to the Court is that in the case of defendants and their motion to dismiss, our burden was to establish that he failed to exhaust his administrative remedies. The burden then shifts to Mr. Woolley. Mr. Woolley then had the burden of establishing that either he exhausted or that, you know, or to support his argument that he should be excused from the exhaustion requirement, and the district court found that he did not meet his burden. He – and so in fact, in terms of the failure of prison officials to respond or to notify him of delays in terms of the one administrative appeal, Mr. Woolley presented no evidence of that. He simply made the allegation. And the district court was not persuaded by the evidence. He presented no evidence, basically, in terms of that issue. As far as the – as far as the one claim which – in which the responses were to the administrative appeal were arguably late, the – that claim very clearly falls within the exception that's set out in Section 308.4.6. That claim concerns a matter that took place at the High Desert State Prison, allegedly. But Mr. Woolley filed that when he was at the California Substance Abuse Treatment Facility in Corcoran, which is, as the court had asked the court to take judicial notice of the fact that those are – those prisons are located in virtually opposite ends of the State. But, Counsel, that was not invoked. I mean, this is something that's being argued on appeal. But that – I mean, there was never any notice given saying it's going to take us extra time to do this because of the logistics and all of that. That was never done. During this, what the record does show, Your Honor, is that during the processing of the administrative appeal as to that one claim, that Mr. Woolley was interviewed and made aware – But my question was whether or not the prison officials notified Mr. Woolley that because of the complexity of the case, the distance between the prisons, that it would take longer. Yes or no, that was not invoked at that time. Is that correct? At the time of – I'm sorry. At the time of the processing of the grievance. Was not invoked. Was – the notice did not go out. I think that's what the Court is saying. And, again – Is that – is that yes or no? Again, Mr. Woolley claims that he didn't receive notice, but he did not. Your time has expired, Counsel. Okay. But I wanted to ask you one question before you leave. You said that you asked us to take judicial notice of a regulation that says the time periods are not mandatory. Does that apply to prisoners as well as to the administration? It states specifically that the time limits specified in these regulations do not create a right to have the specified action taken within the time limits. So does that apply to prisoners as well as to administration? If it falls within – if it falls within what is stated in 3000.5 Subdivision F, then it would apply. So prisoners don't have – the administration doesn't have the right for a prisoner to file a grievance within a certain time? In fact, yes, Your Honor. The time – regulatory time limits also include the amount of time that a prisoner has to file his grievance. And the – and as the Court might notice in this case, under the regulations, the prisoner would have 15 working days, which would translate to three weeks, basically. But, Counsel, my question is, if the time is not mandatory for prison officials, why is it mandatory for prisoners? And what I guess I wanted to point out to the Court is that in this case he didn't meet his deadlines, but his – for filing his grievances, but the officials have the discretion to process an appeal even if it does not – even if it's somewhat untimely. All right. Thank you, Counsel. Rebuttal. I just wanted to make one brief clarification. Your Honor. And that's that our argument regarding the ADA grievance is slightly different from the one that we've made regarding what we call the Del Callo grievance, that is, the grievance about Mr. Woolley being left out in the cold. On the ADA grievance, as I alluded to before, the district court dismissed the claims relating to that grievance on two grounds. One was the failure to submit the Form 1824 that I discussed before. Our position is that the prison waived their right to claim non-exhaustion in that instance because the prison never claimed that the lack of a Form 1824 was a problem at any stage of the internal grievance process. Second, they – the district court claimed that there was a – because there was a response by the director's level after the suit was filed, the suit had to be dismissed for failure to exhaust. Our position there is that, as we say in our papers, there was a pending threat to destroy Mr. Woolley's legal papers, and the deadline for him to prevent the destruction of his legal papers would expire before the deadline for the director's explanation. Why couldn't you – why couldn't his attorney have filed or he have filed in State court for TRO? It appears that the wrong – I mean, the habeas corpus petition was perhaps not the best choice of means, although Mr. Woolley clearly did attempt to pursue a remedy for that. He clearly did make every attempt to preserve his rights in construing pro se pleadings liberally as we must. Our position is that his rights were preserved by the measures that he took. Now, do you agree with the opposing counsel that there is only one grievance that's at issue in terms of the lack of a timely response from the administration? Yes, Your Honor. The responses as far as the ADA grievance was concerned were timely. We just have a waiver argument with respect to that that I was just describing. It was in the case of the Delcalo grievance that there were multiple failures to comply with the prison's time limits. All right. Thank you, counsel. Thank you to both counsel. The case that's argued is submitted for a decision by the court. The next two cases on calendar, Singh v. Gonzalez, have both been submitted on the briefs. The next case on calendar for argument is Liberty Mutual v. Hogue. Thank you, Your Honor. Good morning. Good morning.
judges: Reavley , T.G. Nelson, Rawlinson